<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LAURA PROANO,** | |
| **Plaintiff,** | **Civil Action No. 14-5853 (ES)** |
| **v.** | **OPINION & ORDER** |
| **UNITED PARCEL SERVICE, INC.,** | |
| **Defendant.** | |

**SALAS, DISTRICT JUDGE**

Pending before this Court is Defendant United Parcel Service, Inc.'s motion to dismiss pro se Plaintiff Laura Proano's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (D.E. No. 5).  United Parcel Service ("UPS") asserts that this federal lawsuit should be dismissed on the grounds that it is barred by the doctrine of res judicata as well as New Jersey's entire controversy doctrine.  For the reasons set forth below, the Court grants the motion to dismiss.

**I.      Factual Background and Procedural History**

**A.      The State Court Action**

On February 28, 2011, Proano filed a complaint in the Superior Court of New Jersey (the "State Court Action").  (D.E. No. 5-3, Ex. 1).  She subsequently filed an amended complaint on June 6, 2011 with a revised caption.  (D.E. No. 5-3, Ex. 2 ("June 6, 2011 Compl.")).  Proano alleged that she began working for UPS as a part-time loader in February 2001.  (*Id.*, Count I ¶ 4).  She alleged that, on or around September 3, 2008, she

was physically attacked by her supervisor and injured by the attack.  (*Id.*, Count I ¶ 6). According to Proano, she was later cleared to return to work on or around March 9, 2009. (*Id.*, Count I ¶ 8).  She alleged that she provided UPS with an accommodation request form on or around April 2009, but that UPS denied her accommodation request on or around June 5, 2009.  (*Id.*, Count I ¶¶ 9, 11).

On August 31, 2011, Proano filed another amended complaint (the "State Court Complaint") in the State Court Action.  (D.E. No. 5-3, Ex. 3 ("Aug. 31, 2011 Compl.")). As with the previous complaint, Proano alleged that UPS denied her accommodation request on or around June 5, 2009.  (*Id.*, Count I ¶ 11).  She also alleged that UPS denied her a reasonable accommodation on or around April 12, 2011.  (*Id.*, Count I ¶ 14).  Proano asserted claims under the New Jersey Law Against Discrimination ("NJLAD") and Article 1 of the New Jersey Constitution.

On March 27, 2012, UPS moved to dismiss the State Court Complaint without prejudice based on Proano's failure to comply with discovery requests.  (D.E. No. 5-3, Ex. 4).  On April 16, 2012, the Honorable Barry Sarkisian, J.S.C., granted UPS's motion and dismissed the State Court Complaint without prejudice pursuant to New Jersey Court Rule 4:23-5(a)(1).  (D.E. No. 5-3, Ex. 5).  Subsequently, on June 26, 2012, UPS moved to dismiss the State Court Complaint with prejudice based on Proano's continued failure to provide discovery responses.  (D.E. No. 5-3, Ex. 6).  On July 27, 2012, the Honorable Christine Farrington, J.S.C., granted UPS's motion and dismissed Proano's State Court Complaint with prejudice pursuant to New Jersey Court Rule 4:23-5(a)(2).  (D.E. No. 5-3, Ex. 7).

Proano had forty-five days from the entry of Judge Farrington's order to file a notice of appeal.  *See* N.J. Ct. R. 2:4-1(a).  However, she did not file an appeal.  (D.E. No. 5-2, Certification of Michael T. Bissinger in Support of United Parcel Service, Inc.'s Motion to Dismiss/Motion for Summary Judgment ¶ 9).

### B.    The Federal Court Action

On June 18, 2009, Proano filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission (the "EEOC").  (D.E. No. 1 at 6).  In the Charge, she alleged that she was injured on the job at UPS in September 2008 and suffered from a disability as a result.  (*Id.*).  Proano asserted that she informed UPS of her disability and that UPS discriminated against her on the basis of this disability.  (*Id.*).  Furthermore, she alleged that she submitted a reasonable accommodation request form that UPS never considered.  (*Id.*).  The EEOC investigated the Charge for roughly five years.  On June 18, 2014, the EEOC issued Proano a right to sue letter, which dismissed her claims.  (D.E. No. 1 at 5).

Proano subsequently filed the instant lawsuit (the "Federal Complaint") with this Court on September 19, 2014.  (D.E. No. 1, Fed. Compl.).  Like the State Court Complaint, the Federal Complaint alleges that UPS denied Proano a reasonable accommodation in June 2009.  (*Id.* ¶¶ 5, 9).  While the State Court Complaint alleged a violation of the NJLAD arising from this denial, the Federal Complaint alleges that UPS violated the Americans with Disabilities Act ("ADA") when it denied Proano's request for an accommodation in June 2009.  (*Id.* ¶¶ 9-10).

On November 14, 2014, UPS filed a motion to dismiss the Federal Complaint or, in the alternative, for summary judgment.  (D.E. No. 5).  Proano never filed an opposition brief, and thus this motion is unopposed.

## II.     Legal Standard

In evaluating a motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").  A res judicata defense "may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision," including "the record from a previous court proceeding between the parties." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008).  "The party seeking to take advantage of claim preclusion has the burden of establishing" the doctrine's application. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir. 2001).

## III.    Discussion

UPS argues that Proano already litigated this dispute to a final disposition on the merits in the Superior Court of New Jersey and that the instant federal lawsuit is barred as a matter of law by the doctrine of res judicata and New Jersey's entire controversy doctrine. (D.E. No. 5-1, Brief in Support of Defendant United Parcel Service, Inc.'s Motion to Dismiss/Motion for Summary Judgment ("Mov. Br.") at 6-10).  The Court agrees.

It is well-settled in this circuit that a federal court must give a state court judgment the same preclusive effect that the judgment would be given under the law of the state where it was rendered. *See Gordon v. E. Orange Veterans Hosp.*, No. 11-4066, 2013 WL 5730496, at *8 (D.N.J. Oct. 22, 2013) (citing *Balthazar v. Atl. City Med. Ctr.*, 137 F. App'x 482, 488 (3d Cir. 2005)). "In its broadest sense, *res judicata* refers to the binding effect of a judgment in a prior case on the claims or issues in the pending litigation." *Roberts v. Conway*, No. 09-5622, 2010 WL 3070454, at *2 (D.N.J. Aug. 3, 2010). For purposes of res judicata, a claim "includes not only those matters actually addressed by the prior judgment, but also those matters *which could have been raised in that action*: i.e., matters that arise from the same facts, occurrences, or transactions that were the basis of a prior action fall within the scope of claim preclusion." *Id.* (emphasis added); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). In New Jersey, res judicata applies when: (1) the judgment in the first action is valid, final, and on the merits; (2) there is identity of the parties, or the parties in the second action are in privity with those in the first action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the first action. *Gordon*, 2013 WL 5730496, at *8 (citing *Velasquez v. Franz,* 123 N.J. 498, 505-06 (1991); Restatement of (Second) Judgments § 19 (1982)).

Res judicata applies here, as all three elements are satisfied. First, the judgment in Proano's State Court Action was valid, final, and on the merits, as the action was dismissed with prejudice. *See ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 214 n.17 (3d Cir. 2004)

("[A] dismissal with prejudice clearly constitutes an adjudication on the merits . . . ." (citing *Velasquez*, 123 N.J. at 507)); *see also* N.J. Ct. R. 4:37-2(d) ("Unless the order of dismissal otherwise specifies, a dismissal under R. 4:37-2(b) or (c) and any dismissal not specifically provided for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits.").  Second, it is clear from the record that there is an identity of parties.  Proano sued UPS in the State Court Action, and she is suing UPS in the instant lawsuit.  Finally, her ADA claim in this lawsuit arises out of the same transaction or occurrence as her NJLAD claim in the State Court Action, namely UPS's purported failure to accommodate her alleged disability in June 2009.  Because all three prongs of res judicata are satisfied, the Court concludes that Proano's federal lawsuit must be dismissed on res judicata grounds.[1]

Likewise, this lawsuit is barred by New Jersey's entire controversy doctrine, which is a "specific, and idiosyncratic, application of traditional res judicata principles."  *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).  This doctrine is codified in New Jersey Court Rule 4:30A, and it "embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that

---

[1] The Court notes that the fact that the EEOC did not issue Proano a right to sue letter until June 18, 2014 does not preclude the application of res judicata to this case.  Proano could have requested an EEOC letter after 180 days elapsed from the filing date of her EEOC Charge.  *See Churchill v. Star Enters.*, 183 F.3d 184, 191 (3d Cir. 1999).  Moreover, several courts have held that Title VII and ADA claims are subject to res judicata even where plaintiffs do not receive an EEOC right to sue letter during the pendency of their first action.  *See id.* at 188, 194-95 (applying res judicata and dismissing an ADA claim even though plaintiff did not receive her EEOC right to sue letter until after the jury rendered a verdict in the first action); *accord Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714-15 (9th Cir. 2001) (dismissing Title VII claims on res judicata grounds even though plaintiffs did not receive their right to sue letters until after the first action was dismissed with prejudice); *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (holding that ADA claim was not exempt from res judicata where plaintiff failed to obtain a right to sue letter during the pendency of the first action).

proceeding all of their claims and defenses that are related to the underlying controversy." *Id.* at 855 (internal quotation marks omitted).  Under the entire controversy doctrine, a litigant must "bring all related claims in a single action against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." *Youssef v. Dep't of Health & Senior Servs.*, 524 F. App'x 788, 790 (3d Cir. 2013) (internal quotation marks and footnotes omitted).

Where federal employment discrimination claims could have been brought in a previously adjudicated state court action, the Third Circuit and courts in this District have dismissed such claims as barred by the entire controversy doctrine.  *See id.* at 791 (holding that the entire controversy doctrine and res judicata applied "[b]ecause [the plaintiff] could have asserted in his state court action the claims he raised in federal court, because the state court had jurisdiction to hear them, and because the state court reached a judgment on the merits in his earlier action" (internal footnotes omitted)); *see also Fulton v. L-3 Commc'ns Corp.*, No. 09–1483, 2009 WL 3334875, at *4 (D.N.J. Oct. 14, 2009) (holding that the entire controversy doctrine precluded plaintiff from asserting a federal Age Discrimination in Employment Act claim, which mirrored the NJLAD age discrimination claim adjudicated in the prior state court action); *Dowdell v. Univ. of Med. & Dentistry of N.J.*, 94 F. Supp. 2d 527, 540 n.15 (D.N.J. 2000) ("Having determined that [the plaintiff] could have raised his Title VII claims in the earlier suit, this Court notes that, as an alternative to the instant application of federal claim preclusion, the entire controversy doctrine would be sufficient to bar [the] Title VII claims.").

The entire controversy doctrine applies in this case.  Proano's ADA claim against UPS arises out of the same factual circumstances that gave rise to her NJLAD disability

7

discrimination claim, which was already adjudicated in state court. Indeed, as noted above, the claims asserted in her State Court Complaint and Federal Complaint rest on the identical allegation that UPS failed to provide her a reasonable accommodation in June 2009. Because Proano failed to assert all related claims in her prior action against UPS, the instant lawsuit is barred by the entire controversy doctrine. Accordingly, the Court dismisses Proano's Federal Complaint as precluded by the doctrine of res judicata and the entire controversy doctrine.

**IV.    Conclusion**

For the reasons set forth above, the Court grants Defendant UPS's 12(b)(6) motion and dismisses the Federal Complaint with prejudice. UPS's motion in the alternative for summary judgment is denied as moot.

Accordingly, it is on this 25th day of June 2015,

**ORDERED** that Defendant's motion to dismiss, (D.E. No. 5), is GRANTED and the Complaint is hereby dismissed *with prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall mark this case CLOSED.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**